UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRAMAYNE COODY, #111738,

       Plaintiff,

                                                   Civil No. 11-14341
v.                                             Honorable Thomas L. Ludington

TIM DONNELLON, et al.,

       Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Tramayne Coody filed a civil rights complaint alleging violations of his rights to access to the courts, a due process violation, and an equal protection violation pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the St. Clair County Jail in Port Huron, Michigan. He was granted leave to proceed without prepayment of the filing fee for this action by Magistrate Judge R. Steven Whaeln on October 12, 2011. In his complaint, Plaintiff alleges that the defendants, the St. Clair County Sheriff and several of his employees, have not provided him with adequate access to a law library, legal materials, and legal assistance to allow him to prepare for criminal proceedings he is facing. Plaintiff seeks injunctive relief and monetary damages. Upon review, the complaint will be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28

U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

II.

Plaintiff first asserts that Defendants have failed to provide him with sufficient access to a law library, legal materials, and legal assistance in violation of his right of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have a duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). This right of access requires authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library or the assistance of legally-trained personnel. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).

To establish a §1983 claim concerning a denial of access to the courts, a plaintiff must demonstrate some prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351. This can be established by demonstrating that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, a plaintiff must show that the alleged deprivation was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003) ("to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent"); *see also Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Mere negligence is not actionable under § 1983 and an allegation of negligence is insufficient to state a claim for an access to the courts violation. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

In this case, Plaintiff's complaint does not allege sufficient facts to state a claim for denial

of his right of access to the courts. He neither alleges nor establishes prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by the asserted deficiencies at the jail. He has also not identified any facts indicating that Defendants' conduct was intentional in the constitutional sense, *i.e.*, that Defendants have denied him access to legal materials or legal assistance in order to impede his criminal proceedings. Plaintiff's conclusory allegations are insufficient to state a federal civil rights claim for denial of right of access to the courts. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).

Plaintiff also alleges that Defendants violated his due process rights under the Fourteenth Amendment. To state a procedural due process claim, a plaintiff must allege that he or she has a definite liberty or property interest which has been abridged without appropriate process. *See LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1108 (6th Cir.1995); *see also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007). Plaintiff sets forth no such facts and his conclusory allegations are insufficient to state a procedural due process claim under § 1983.

Plaintiff also cannot proceed on a substantive due process claim. Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he or she has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *See MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). Plaintiff has not made such a showing and thus fails to state a substantive due process claim in his complaint.

Finally, Plaintiff alleges that Defendants have violated his equal protection rights. The

linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *See Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff's claim that the defendants have denied him equal protection, however, lacks factual support. Prisoners are not members of a protected class for equal protection purposes, *see, e.g.*, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and Plaintiff has not indicated with any specificity how he has been treated differently from others who are similarly situated. Plaintiff has thus failed to state an equal protection claim in his complaint.

III.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Accordingly, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that an appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of appellate fees and costs if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: November 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Tramayne Coody, #111738 at St. Clair County County Jail, 1170 Michigan Road, Port Huron, MI 48060 first class U.S. mail on November 14, 2011.
    s/Tracy A. Jacobs
    TRACY A. JACOBS